IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM TONY McCROAN,
    Petitioner,

vs.                                     Case No.: 5:12cv94/MMP/EMT

UNITED STATES DISTRICT COURT,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner has filed a pleading titled "Motion for Habeas Corpus," in which he contends he is being illegally detained at Florida State Hospital after proceedings aimed at determining his competency to stand trial for unspecified criminal offense conduct (doc. 1).[1]  Upon review of the "motion," the court determines that it does not have jurisdiction over Petitioner's claims, and that his motion should be denied and dismissed.

    In his motion, Petitioner references having been denied a trial due to the alleged falsification of competency records, a denial of his right to appeal the commitment to Florida State Hospital, that his familial relationship to one of the lower court judges should have disqualified the jurist that heard his case, and that attorneys appointed to represent him failed to protect his constitutional rights (doc. 1 at 2–4).  He asserts that Florida State Hospital has not provided proper treatment, that it has defrauded the Government by reporting to the Social Security Administration so it can receive Petitioner's checks, and has otherwise violated his rights under Florida and Federal law (*id*. at 4–5).  Petitioner asserts that he filed an appeal through the First District Court of Appeal in Tallahassee,

---

[1] Petitioner has failed to use the proper form for filing a petition for writ of habeas corpus, and he has failed to pay the filing fee or file a motion to proceed in forma pauperis.  In light of the court's conclusion about the content of his petition, delaying his case in order for him to submit the fee and an amended petition is not warranted.  In the interest of conserving judicial resources and to ensure that Petitioner does not jeopardize the state court proceedings by relying on the hope of obtaining relief in this court, this recommendation is being entered forthwith.

Florida, and counsel, Michael Ufferman, has been appointed for him (*id.* at 6). This attorney has also allegedly failed to protect Petitioner's rights, as he advised Petitioner that a guardian would be appointed to determine whether his case should be overturned at a hearing scheduled for some time in April 2012 (*id.* at 7). Petitioner indicates that he is unhappy with Mr. Ufferman's representation of him, and that he told Mr. Ufferman to cancel the court hearing and that he did not want Ufferman to represent him any more (*id.*). Instead, Petitioner asks that the United States District Court take over his case to help protect his rights, appoint counsel, and end his illegal detention (*id.* at 8).

It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under this doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486).

Furthermore, insofar as Petitioner seeks an order affecting the ongoing state proceeding in his case, the petition must be dismissed, because his claim lacks even an arguable basis in law. Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also* Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975); Luckey v. Miller, 976 F.2d 673, 677–78 (11th Cir. 1992); Christman v. Crist, 315 Fed. Appx. 231 (11th Cir. 2009).[2] Moreover, "The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.

---

[2] The undersigned cites this case only as persuasive authority to show the continued application of Younger in this circuit and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Ct. 2515, 73 L. Ed. 2d 116 (1982). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See id.* Although the Younger abstention doctrine usually applies in cases involving criminal prosecution or the criminal justice system, it can apply to pending civil proceedings that are akin to a criminal prosecution, as well as in a strictly civil context. Green v. Jefferson County Comm'n, 563 F.3d 1243, 1251 (11th Cir. 2009); Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) (citations omitted). Clearly, the pending proceedings relating to Petitioner's involuntary criminal psychiatric commitment preclude this court's involvement in the case, and the motion for writ of habeas corpus should be dismissed.[3]

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be dismissed with prejudice because this court lacks jurisdiction to either intervene, or review orders entered, in the state court proceedings.

At Pensacola, Florida this 17th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Any claims relating to the treatment he receives at Florida State Hospital are not the proper subject of a habeas corpus petition.

Case No.: 5:12cv94/MMP/EMT